LOWNSBURY

v.

HASSINGER.

2008-Ohio-7136.]

Court of Common Pleas of Ohio,
Medina County.

No. 08CIV0658.

Decided Oct. 22, 2008.

L. Ray Jones, for plaintiff.

Dean Holman, Medina County Prosecuting Attorney, and Carol Shockley, Assistant Prosecuting Attorney, for defendant.

JAMES L. KIMBLER, Judge.

{¶ 1} Plaintiff, Victor Lownsbury, filed an administrative appeal pursuant to R.C. 119.12 from defendant Sheriff Neil Hassinger's decision not to issue a permit to carry a concealed weapon. The sheriff filed the transcript of the evidence that he relied on in denying the permit. The sheriff then filed a motion to supplement the record with documents from the Brunswick Police Department, which this court granted.

{¶ 2} The court has reviewed the evidence in the file and, based on that evidence, issues the following findings of fact and conclusions of law.

### Findings of Fact

{¶ 3} On February 9, 2006, Mr. Lownsbury was arrested by the Brunswick Police Department for the offense of domestic violence in violation of R.C. 2919.25(A). His arrest was based on a complaint filed by his wife, Robin Lownsbury. The complaint was filed in the Medina Municipal Court, which has territorial jurisdiction over the city of Brunswick. At the same time that she filed her complaint, Mrs. Lownsbury also requested a temporary protection order.

{¶ 4} Mr. Lownsbury appeared for arraignment on February 16, 2006, and entered a plea of not guilty. On May 4, 2006, he appeared in the Medina Municipal Court, and the charge was amended to persisting in disorderly conduct in violation of R.C. 2917.11(A)(2), a fourth-degree misdemeanor. He entered a guilty plea to the amended charge and was fined $250 and ordered to pay court costs.

{¶ 5} Although that is the information that was apparently before the sheriff when he denied the plaintiff's application, the information submitted by the sheriff that was obtained after he made his decision tells a more detailed story. That information includes statements made by Mrs. Lownsbury to the police concerning an altercation between her and her husband and the observations made by police officers of visible injuries to Mrs. Lownsbury. It must be noted, however, that the statements were not subject to cross-examination and were not made under oath.

## Conclusions of Law

{¶ 6} R.C. 119.12 is the section of the Ohio Revised Code that allows a common pleas court to review a decision of a sheriff for an Ohio county to either grant or deny an application for a permit to carry a concealed weapon.

{¶ 7} A common pleas court, under R.C. 119.12, may allow a party to introduce additional evidence.

■ {¶ 8} A common pleas court may uphold the decision of a county sheriff to either grant or deny a concealed-weapon permit if it finds that the sheriff's decision was supported by a preponderance of the reliable, substantive, and probative evidence in front of the sheriff when considering the permit application.

{¶ 9} The Ohio Supreme Court has established the following definitions of "reliable," "substantial," and "probative" as used in R.C. 119.12:

> The evidence required by R.C. 119.12 can be defined as follows: (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.

*Our Place, Inc. v. Ohio Liquor Control Comm.* (1992), 63 Ohio St.3d 570, 571, 589 N.E.2d 1303.

■ {¶ 10} A conviction for a misdemeanor offense of violence is grounds for a county sheriff to deny an application for a permit to carry a concealed weapon. R.C. 2901.01(A)(9)(a) through (d).

{¶ 11} The offense of domestic violence in violation of R.C. 2919.25 is an offense of violence. R.C. 2901.01(A)(9)(a).

{¶ 12} R.C. 2901.01(A)(9)(a) does not exclusively define sections of the Ohio Revised Code that can be considered offenses of violence.

{¶ 13} R.C. 2901.01(A)(9)(b) reads as follows:

A violation of an existing or former municipal ordinance or law of this or any other state or the United States, substantially equivalent to any section, division, or offense listed in division (A)(9)(a) of this section.

{¶ 14} R.C. 2901.01(A)(9)(c) reads as follows:

An offense, other than a traffic offense, under an existing or former municipal ordinance or law of this or any other state or the United States, committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons.

{¶ 15} The Ohio General Assembly has declared that the right to bear arms is a "fundamental individual right that predates the United States Constitution and Ohio Constitution, and * * * a constitutionally protected right in every part of Ohio." R.C. 9.68(A).

{¶ 16} Even though the right to bear arms has been declared a "fundamental right" by the Ohio General Assembly, the state can still regulate certain aspect of gun ownership, transfer, possession, transporting, or use. *Ohioans for Concealed Carry, Inc. v. Clyde,* 120 Ohio St.3d 96, 2008-Ohio-4605, 896 N.E.2d 967.

## Holding

{¶ 17} While this court finds that Sheriff Hassinger was allowed to consider the factual context of Mr. Lownsbury's conviction for persisting in disorderly conduct, this court finds that the sheriff was not allowed to consider hearsay evidence in denying the application, since such evidence is not reliable, substantial, or probative.

## Discussion

{¶ 18} This case presents issues concerning the discretion of a sheriff to investigate the facts leading up to conviction and the procedures that he should use in determining whether to issue a permit to carry a concealed weapon.

{¶ 19} The first issue is whether a sheriff can consider a person to have pleaded to an offense of violence when the person was charged with an offense of violence but the charge was reduced to an offense that is not listed in R.C. 2901.01(A)(9)(a), and the person entered a plea and was convicted of that reduced offense.

{¶ 20} Mr. Lownsbury's argument is that the sheriff's only duty is to determine whether the applicant has been convicted of a crime listed in R.C. 2901.01(A)(9)(a), a crime in another state that is substantially equivalent to those listed in that section, or a crime under a municipal ordinance that is substantially equivalent to those listed in that section. Once a sheriff has determined that the

applicant has not been convicted of such a crime, the sheriff has a duty to issue the permit.

{¶ 21} Sheriff Hassinger argues that he does have the discretion to inquire into the facts surrounding a conviction for an offense that is not listed in R.C. 2901.01(A)(9)(a). The sheriff's argument focuses on language in R.C. 2901.01(A)(9)(b) and (c).

{¶ 22} Under the sheriff's interpretation, R.C. 2901.01(A)(9)(b) would cover existing or former laws of Ohio that are not listed in subsection (A)(9)(a). In essence, the sheriff is arguing that if you read the statute and considered only the references to existing law of this state, then the statute would obviously refer to existing law of this state. This can be seen if you read the section as it appears below, without reading the part that is in brackets.

A violation of an existing [or former municipal ordinance or] law of this or any other state or the United States, substantially equivalent to any section, division, or offense listed in division (A)(9)(a) of this section.

{¶ 23} Under this reading, not only does the subsection cover municipal ordinances of this state, but also laws of this state. Since municipal ordinances are not "laws," then the word "law" is referring to the Ohio Revised Code. Thus, you would look at other sections of the Ohio Revised Code, and if they were substantially equivalent to one of the offenses listed in R.C. 2901.01(A)(9)(a), a conviction for such an offense would be a conviction for an offense of violence. Such a conviction would bar an applicant from receiving a permit to carry a concealed weapon.

{¶ 24} This court believes, however, that for such a conviction to bar such an application, the elements of the offense would have to be substantially equivalent to the elements of the offenses listed in R.C. 2901.01(A)(9)(a). In other words, the offense would have to objectively be like an offense listed in R.C. 2901.01(A)(9)(a).

{¶ 25} In this case, the offense of persisting in disorderly conduct is not such an offense. Therefore, the sheriff cannot use R.C. 2901.01(A)(9)(b) to deny Mr. Lownsbury's application.

{¶ 26} Applying the same analysis to subsection (c) however, produces a different result. In that subsection the term "substantially equivalent" does not appear. Under that section, a conviction for violating an "existing or former" law of "this state" can be used by a sheriff to deny a permit to carry a concealed gun if the offense was (1) "committed knowingly or purposely" and involved (2) "physical harm to persons or a risk of serious physical harm to persons."

{¶ 27} This court believes that this subsection allows a sheriff to examine the factual context of the commission of a crime that is not listed in R.C.

2901.01(A)(9)(a) to see whether the facts show that the applicant acted either knowingly or purposely in committing such an offense and if in committing the offense, the applicant either caused physical harm or caused a risk of serious physical harm to others. Such an examination requires looking at the committed offense subjectively, if you will, not objectively.

{¶ 28} Having found that Sheriff Hassinger could look at the factual context of Mr. Lownsbury's having been charged with persisting in disorderly conduct, this court must next examine whether the sheriff's decision to deny the application was supported by a preponderance of the reliable, substantial, and probative evidence.

{¶ 29} In this case, the sheriff relied on what was hearsay evidence. He also supplemented the record with such evidence. This court finds that the sheriff's use of hearsay evidence was not proper, because the possession of firearms has been deemed a fundamental right by the Ohio General Assembly and because hearsay evidence is not reliable, substantial, or probative.

{¶ 30} This court, however, allowed the sheriff to supplement the record with additional evidence and also determined, when requested in a motion filed by the sheriff, that such evidence could be offered in written form. This court now believes that its order was mistaken. Therefore, this court finds that it should schedule another hearing and at that hearing, the sheriff may introduce testimony from witnesses to support his decision.

So ordered.